1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   RELIANCE GLOBALCOM SERVICES, INC,          No. C 12-05950 SI

12              Plaintiff,                      **ORDER DENYING MOTION TO
                                                DISMISS OR STAY**
13      v.

14   SMART & ASSOCIATES, LLP,

15              Defendant.
     _____/
16

17        Smart & Associate's motion to dismiss or stay (Docket No. 33) is set for hearing on March 29,

18   2013. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without

19   oral argument and hereby VACATES the hearing.  Having considered the papers submitted, and for

20   good cause shown, the Court hereby DENIES defendant's motion.

21

22                                      **BACKGROUND**

23   **1.    Factual Background**

24        Reliance Globalcom Services, Inc. ("Reliance") is a provider of internet, ethernet, and

25   application delivery services based in San Francisco and incorporated under the laws of the state of

26   Delaware.  Amend. Compl. ¶¶ 1,6.  Smart & Associates LLP ("Smart & Associates") is alleged to be

27   a limited liability partnership organized by James J. Smart, Robert I. Baxter, Jonathan S. Stomberger,

28   Chris Hegarty, and Jim Mack, all citizens of Pennsylvania.  *Id.* ¶ 2.  Plaintiff alleges that in 2003,

     Reliance and

**United States District Court**
**For the Northern District of California**

United States District Court
For the Northern District of California

1   Smart & Associates entered into an agreement whereby Reliance agreed to provide Smart & Associates

2   with services pursuant to Service Order Forms ("SOFs") and Smart agreed to pay fees set forth in each

3   SOF.  Am. Compl. (Dkt. 26) ¶ 7.   Reliance alleges that the parties' relationship was governed by the

4   terms and conditions contained in a Service Agreement.  Am. Compl.  ¶ 7; First Compl. Ex. B.  The

5   Service Agreement included a forum selection clause (¶ 17 ), reading: "All disputes arising under this

6   Agreement shall be brought exclusively in Superior Court of the State of California in San Francisco

7   County or the U.S. District Court for the Northern District of California in San Francisco, California,

8   as permitted by law."

9        Reliance alleges that between 2003 and 2011, Smart & Associates executed numerous SOFs and

10   was billed monthly for a recurring service fee.  Am. Compl. ¶ 8-11.  Attached to plaintiff's Complaint

11   (and incorporated thereby) are four SOFs, dated between September 2009 and February 2011, in which

12   the "customer" is identified as Smart & Associates.  Compl., Exs. B-E.  According to Reliance, the last

13   SOF was executed by Smart & Associates and Reliance on February 10, 2011 and had an effective date

14   of February 8; it specified various recurring monthly service fees for managed network services at

15   several locations in United States and abroad.  Am. Compl. ¶ 15; First Compl. Ex. D.  Reliance alleges

16   that in early 2011, Smart & Associates sent written notice to Reliance cancelling all of its services.  Am.

17   Compl. ¶ 17.  Reliance asserts that, in the event of termination of the agreement,  the Service Agreement

18   requires Smart & Associates to pay liquidated damages fees pursuant to a specified formula, including

19   applicable interest and attorneys' fees.  *Id*. ¶¶ 17-22.  Reliance calculates the total damages to be

20   $846,754.80, plus all accrued interest through the date of the judgment, and attorneys' fees and costs

21   incurred in prosecuting this litigation.  *Id*. ¶ 22.

22        In the First Complaint, Reliance included claims against another defendant, Smart Business

23   Advisory and Consulting, LLC ("SBAC") .   Reliance alleged that SBAC is a limited liability

24   corporation under the laws of Delaware, and, upon information and belief, a successor in interest to

25   Smart.  In plaintiff's Amended Complaint, SBAC was dropped from the action.  First Compl. (Dkt. 1)

26   ¶ 3.  According to the Declaration of Bruce Rogoff, SBAC is the successor-in-interest to Smart &

27   Associates.  Rogoff Decl., ¶ 5.  Rogoff provides no other details regarding what interests or liabilities

28   SBAC gained  from Smart & Associates.  In its pleadings, Smart & Associates asserts that in or around

United States District Court
For the Northern District of California

2007, "SBAC acquired certain asserts of Smart & Associates through a series of complicated corporate transactions. . . .  The details of such transactions are not known at this time.  However, it is known that SBAC acquired offices of Smart & Associates to which Reliance provided Internet and network services, and that Smart & Associates ceased operating in such offices at least as early as 2007.  Therefore, certain services provided for in the SOFs attached to the Complaint which account for the amounts Reliance alleges are owed were provided directly to SBAC, not Smart & Associates.  Likewise, it was SBAC who provided Reliance with the written notice of cancellation of such services that triggered Reliance's use of the liquidated damages provision in the Services Agreement." *See* Reply to Second Motion to Dismiss at 5.  Defendant, however, provides *no evidence* – by declaration or affidavit – to support these assertions.  The only evidence submitted regarding any role SBAC had with Reliance are copies of termination notices purporting to terminate Reliance's services.  These notices are dated between March 2011 and May 2011 and were signed by William Maun on behalf of SBAC. *See* Exhibit A to Reply to Second Motion to Dismiss (Dkt. 45-1).[1]

**2.      Procedural Background**

On November 19, 2012, Reliance filed this breach of contract action against Smart & Associates and SBAC alleging diversity of citizenship.  The defendants filed a Motion to Dismiss or Stay (Dkt. 18), arguing that the Court did not have jurisdiction in this case because there is no diversity of citizenship between Reliance and SBAC.[2]  Defendants also argued that the action should be dismissed or stayed in light of an action filed in Pennsylvania by SBAC against Reliance on July 5, 2012 ("PA Action").  First Motion to Dismiss ("First Mot.," Dkt. 19) at 1-2.  Reliance responded to the First Motion to Dismiss by filing both an Amended Complaint  ("Am. Compl.," Dkt. 26) and an Opposition to the

---

[1]  Defendant asserts that the termination notices were submitted as Exhibits to the Pennsylvania complaint, discussed below, and therefore are appropriate for judicial notice.

[2]  Reliance pled that it is a citizen of Delaware.  Am. Comp. ¶ 1.  SBAC is incorporated as a limited liability company, and is deemed to be a citizen of each state in which any of its members is a citizen.  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  SBAC asserts that the sole member of SBAC is Smart Business Holdings, LLC, whose sole member in turn is LECG, LLC, and its sole member is LECG Corp., a corporation incorporated in the state of Delaware. Rogoff Decl. ¶ 3, Ex. A.  Therefore, defendant argues that SBAC's citizenship is effectively that of its parent corporation, LECG Corp., which is a citizen of Delaware.  First Mot. at 6-7.  Reliance does not dispute or address the citizenship of SBAC.

United States District Court
For the Northern District of California

1  Motion to Dismiss ("Oppo. to First Mot.," Dkt. 27). As noted above, in the Amended Complaint,

2  Reliance dropped defendant SBAC and brings claims only against Smart & Associates.

3      Subsequently, Smart & Associates and SBAC filed a Second Motion to Dismiss the Amended

4  Complaint for failure to join SBAC as an indispensable party and again, in the alternative, seeking to

5  dismiss or stay in light of the PA Action ("Second Mot." Dkt. 33). The issue before the Court is

6  whether SBAC is a necessary and indispensable party under Rule 19, and if the Court finds that it is not,

7  whether the case should be stayed or dismissed in light of the PA Action.

8

9  **3.      The Pennsylvania Action**

10     The PA Action was filed on July 5, 2011, in the Court of Common Please for Chester County,

11 Pennsylvania. PA Complaint, ¶ 1 (Birch Decl. Ex. A [Dkt 21-1at 5]). In that action SBAC seeks, "a

12 judicial determination of SBAC's obligations to Reliance in connection with Reliance's provision of

13 global communication services to SBAC in 2011." PA Complaint, ¶ 1. Specifically, SBAC seeks a

14 declaration regarding whether SBAC is obligated to pay Reliance in connection with the February 10,

15 2011 SOF. *Id*. ¶ 21.[3] SBAC also seeks a declaration that it does not owe Reliance $846,754.80 for

16 cancelling service agreements with Reliance. *Id*. ¶ 23. In the Pennsylvania Complaint, SBAC does not

17 explain what its relationship to Smart & Associates is and SBAC does not explain whether or when it

18 became a customer of Reliance.

19     In the PA Action, Reliance attempted to enforce the Service Agreement's forum selection clause

20 setting jurisdiction in the Northern District of California or Superior Court in San Francisco. However,

21 on March 4, 2013, the Pennsylvania Court rejected Reliance's preliminary objection, finding that it was

22 not "clear and unambiguous" that SBAC's agents agreed to the forum selection clause. *See* Docket No.

23 41. As such, Reliance must file an answer in the PA Action and that case will proceed. *Id*.

24     In this case, defendant focuses on the allegations *made by Reliance* in the PA Action to argue

25 that SBAC is indispensable. Defendant specifically relies on the fact that in the PA Action, Reliance

26 _____

27     [3]     Defendant provides this Court with a copy of the PA Complaint, but not the exhibits
28 attached thereto. *See* Birch Decl., Ex. A. It appears, however, that the February 10, 2011 SOF referred
   to in the PA Action is the same February 10, 2011 SOF submitted by Reliance as Exhibit D to the First
   Complaint in this case. In that SOF, the customer name is listed as "Smart & Associates, LLP."

4

refers to SBAC by the term "Smart" and Reliance submitted an affidavit in which a Reliance employee, Steven Weaver, states that SBAC (referred to as "Smart") had been a customer of Reliance from 2003 to 2011 (Birch Decl. Ex. D at 9-10, Dkt 21-4).

## DISCUSSION

### 1.    Motion to Dismiss for Lack of Subject Matter Jurisdiction

####    A.    Legal Standard

Defendant Smart & Associates moves to dismiss, arguing that plaintiff's Amended Complaint fails to include SBAC, a necessary and indispensable party whose presence would destroy diversity jurisdiction.  Under Federal Rule of Civil Procedure 12(b)(7), the moving party has the burden of persuasion in arguing for dismissal for failure to join a required party under Rule 19.  *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).  Rule 19 consists of two components.  First, the court must decide if the party is "necessary" to the suit under Rule 19(a). Then, if the party is necessary but cannot be joined for jurisdictional reasons, the court must determine whether the party is "indispensable" and, if so, whether in equity and good conscience, the suit should be dismissed under Rule 19(b).  *Id*. Rule 19  analysis is "heavily influenced by the facts and circumstances of each case." *Bakia v. County of Los Angeles*, 687 F.2d 299, 301 (9th Cir.1982); *see also Makah*, 910 F.2d at 558 ("The inquiry is  practical  and fact specific.") (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968)).

To determine if the absent party is necessary to the suit, the court must undertake a two-part analysis.  First, the court must determine if in the absence of the party "complete relief cannot be accorded among those already parties." Fed.R.Civ.P. 19(a)(1)(A). This analysis is independent of whether relief is available to the absent party. *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).  Second, the court must determine whether the absent party has a legally protected interest in the suit, and if:

> [the party] is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(B). The interest must be more than a financial stake or speculation about a future event. *Makah*, 910 F.2d at 558 (citing *Northern Alaska Envtl. Center v. Hodel*, 803 F.2d 466, 468 (9th Cir.1986); *McLaughlin v. International Ass'n of Machinists*, 847 F.2d 620, 621 (9th Cir.1988)).

If a party is necessary to the suit, the court must determine whether it is also indispensable in accordance by considering four factors:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>    (A) protective provisions in the judgment;
>    (B) shaping the relief; or
>    (c) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). The impairment to an absent party's interest may be minimized if the absent party is adequately represented in the suit. *Makah*, 910 F.2d at 558.

### B.      Whether SBAC is Necessary and Indispensable

Defendant argues that SBAC is a necessary and indispensable party because Reliance "pleads and argues in the Original Complaint and the PA Action that SBAC is a party to the Service Agreement." Second Mot. at 4. Defendant contends that "equity and good conscience" require finding that SBAC must be joined because of "Reliance's starkly contradictory representations in this action and the PA Action create confusion" about whether SBAC or Smart & Associates was the signatory of the SOFs, which reference the Service Agreement.[4] Second Mot. at 7.

Reliance disputes this assertion. Reliance argues that the PA Action was initiated against Reliance by SBAC alone, and Reliance sought to dismiss the PA Action based on the forum selection clause in the Service Agreement, which Reliance contends governs any conflict "*arising out of* the Service Agreement" to be adjudicated in either the District Court for the Northern District of California

---

[4] Defendant's argument about Reliance's alleged admissions in the PA Action apparently hinges on the use of the name "Smart" in that action. Defendant argues that Reliance used "Smart" to refer to SBAC, not Smart & Associates. Therefore, according to defendant, all references by Reliance to "Smart" in the PA Action should be interpreted as referring solely to SBAC. As such, defendant argues that Reliance admits that SBAC should be considered a party to the Service Agreement and SOFs. Second Mot. at 5.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   or the Superior Court for the State of California in San Francisco.  Sur-Reply at 2 (emphasis in the

2   original).  Reliance argues that it has submitted the relevant contracts as exhibits to the First Complaint,

3   which indicate that Smart & Associates was the signatory of the executed agreements. Oppo. to Second

4   Mot. (Dkt. 44) at 4.  Reliance contends that it only included SBAC in the First Complaint because

5   SBAC had filed the PA Action against Reliance; Reliance asserts that it has no claims against SBAC.

6   Sur-Reply at 2.  Reliance further notes that SBAC does not take a position on whether it actually is a

7   party to the Service Agreement or any of the SOFs.  Oppo. to Second Mot. at 4.

8          As an initial matter, the Court rejects defendant's argument that Reliance's supposed admissions

9   in the PA Action regarding SBAC establish that SBAC is a necessary and indispensable here.  SBAC

10  cannot rely on statements made by Reliance in the PA Action – where Reliance was sued by and had

11  to respond to arguments raised by SBAC – to meet SBAC's burden on this motion.  Instead, SBAC

12  bears the affirmative burden of providing evidence demonstrating that it is necessary and indispensable

13  to this action, *e.g.*, showing how SBAC's legally protected interests would be impaired in this case and

14  how it would be prejudiced by resolution of the breach of contract claim without SBAC as a party.

15         Turning to the evidence in the case, the exhibits to the Complaint indicate that the SOFs at issue

16  were executed by Edward Bove, Senior Manager, on behalf of Smart & Associates, LLP on September

17  2, 2009 and  November 10, 2009; and by William T. Maun, Network Manager, on behalf of Smart &

18  Associates, LLP, on August 27, 2010 and February 10, 2011.  First Compl. Exs. C, E.  Finally,

19  defendant asserts that SBAC is the "successor-in-interest" to Smart & Associates (Rogoff Decl., ¶ 5)

20  and in Reply, SBAC submits copies of letters dated between March and May 2011, purporting to

21  terminate Reliance's provision of services.  Those letters were signed by William Maun, on behalf of

22  SBAC.  *See* Reply to Motion to Dismiss Am. Complaint [Docket No. 45], Ex. A.

23         SBAC has failed to demonstrate that it is a necessary and indispensable party.  As an initial

24  matter, SBAC has not come forward with any evidence to show that it is a party to the Service

25  Agreement or any of the SOFs at issue in the present dispute and does *not* expressly contend that it is

26  a party to any of the agreements.  As such, the majority of the cases SBAC relies on are inapposite

27  because in those cases the necessary and/or indispensable party was a party to the contractual

28  agreement.  *See, e.g.*, *R-Delight Holding LLC v. Anders*, 246 F.R.D. 496, 498 (D. Md. 2007) (finding

7

1   that a party could not obtain complete relief in the action without joining her son who had "signed a

2   contract at an auction"), *Rashid v. Kite*, 957 F. Supp. 70, 74 (E.D. Pa. 1997) ("First, we agree with Kite

3   that it is important that Kurtz executed the Agreement sued on in this case."), *Zurich Am. Ins. Co. v.*

4   *Electronics for Imaging, Inc.*, 2009 WL 2252098 *1 (N.D. Cal. July 28, 2009) ("each of four of the five

5   carriers provided EFI with insurance coverage that was designed to kick in after another carrier's

6   coverage was exhausted"), *Tillman v. Apostolopoulos*, 2010 WL 3584294 *2 (E.D. Mich. Sept. 9, 2010)

7   ("Triple Sports meets the requirements of a necessary party under Rule 19(a)(1)(B). It is the entity with

8   whom Plaintiffs . . . had a contractual relation, and therefore has a real interest in the claims for

9   enforcement of the contract."), *Encatto Ltd. v. Obscura Digital Inc.*, 2013 WL 394195 *2 (N.D. Cal.

10  Jan. 30, 2013) ("Defendant argues generally that both prongs of Rule 19(a) are satisfied in this case with

11  respect to Gazprom because the payments at issue were made in relation to the agreement between

12  Gazprom and Defendant."); *see also* Def. Reply in Support of First Mot. at 5-6.

13          Nor has defendant come forward with evidence regarding the relationship, as a legal or practical

14  matter, between SBAC and Smart & Associates other than the one sentence statement that "SBAC is

15  the successor-in-interest to Smart & Associates." Rogoff Decl., ¶ 5. Instead, defendant asserts in the

16  pleadings that "in or around 2007, SBAC acquired certain assets of Smart & Associates through a series

17  of complicated corporate transactions. [citing First Motion at 3, n.4] The details of such transactions

18  are not known at this time. However, it is known that SBAC acquired offices of Smart & Associates

19  to which Reliance provided Internet and network services, and that Smart & Associates ceased operating

20  in such offices as least as early as 2007." Reply to Second Motion (Dkt. 45) at 5. These assertions are

21  just that, assertions. SBAC has not provided a declaration addressing any of these matters, or provided

22  any information explaining the relationship between Smart & Associates and SBAC with regard to the

23  alleged assumption of Reliance's services or contracts. The only evidence submitted by defendant

24  regarding SBAC's role are the termination letters dated March 15, 2011– May 11, 2011 and signed by

25  William Maun, Network Manager, on behalf of SBAC. *See* Reply to Second Motion, Ex. A (Dkt 45-1).

26  However, SBAC has failed to explain Mr. Maun's role for Smart & Associates or SBAC, either at the

27  time Mr. Maun signed the February 10, 2011 SOF (apparently on behalf of Smart & Associates) or at

28  the time Mr. Maun signed the termination letters starting in March 2011 (apparently on behalf of

1    SBAC). With respect to the SOFs, defendant contends that despite Reliance listing Smart & Associates

2    as the party, it was SBAC that received the services, and was billed and paid for the services. *Id*., at 6.

3    However, SBAC provides no evidence – by declaration or otherwise – supporting that assertion.

4        Finally, SBAC argues that it is necessary and indispensable because this action will resolve

5    issues that will "affect the determination" of the PA Action; for example, whether SBAC was a party

6    to the Services Agreement. Reply to Second Motion at 3-4. SBAC contends that because Reliance is

7    arguing in the Pennsylvania Action that SBAC is a party to the Services Agreement (as evidenced by

8    Bove and Maun agreeing to SOFs on behalf of SBAC) and is arguing in this action that Smart &

9    Associates is a party to the Service Agreements (as evidence by Bove and Maun agreeing to SOFs on

10   behalf of Smart & Associates), the determination of the issue at to Smart & Associates in this case will

11   necessarily affect the determination of the Pennsylvania Action. *Id.* at 3. However the only defendant

12   in the breach of contract action here is Smart & Associates. The only issue to be decided, therefore, is

13   whether Smart & Associates was a party to the Service Agreement through the actions of its agents. The

14   Court has no reason to decide whether SBAC is a party to the Service Agreement. That factual

15   determinations may overlap between this action and the PA Action does not demonstrate that SBAC's

16   legally protectable interests will be jeopardized by its absence from this case.[5]

17        In the present case, defendant has not offered any evidence that SBAC is a party to the contracts

18   in dispute. Similarly, defendant has not identified any legally protected interest that SBAC has in the

19   claim brought by Reliance against Smart & Associates. Therefore, the Court finds that defendant, as

20

21

22

23

24       [5] Additional cases cited by defendant for the proposition that SBAC's presence is necessary because "this action will resolve factual issues concerning its conduct" (Reply to First Motion at 7) are inapposite because those cases address joint tortfeasors whose actions were described in the plaintiff's

25   allegations, which is not the case here as Reliance alleges only a breach of contract by Smart & Associates. *See, e.g.*, *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 559 (5th Cir. 1985) ("First

26   Commercial was more than an active participant in the conversion alleged by the Freemans'; it was the primary participant."), *Dollens v. Target Corp.*, 2011 WL 6033014 (N.D. Cal. Dec. 5, 2011) ("plaintiff

27   argues Ms. Moya is a necessary party because she is a joint tortfeasor who was an active participant in the allegations"), *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 908 (C.D. Cal. 2011) ("Court finds

28   that the unnamed foreign entities here would be prejudiced by the denial of an opportunity to defend their product safety and marketing practices.").

United States District Court
For the Northern District of California

1    the moving party, has not met its burden in establishing that SBAC is a necessary and indispensable

2    party. *See Makah Indian Tribe*, 910 F.2d at 558.[6]

3

4    **2.      Motion to Stay or Dismiss in Light of First-Filed State Action**

5            **A.      Legal Standard**

6            Defendant also moves to dismiss or stay this action pursuant to the *Colorado River* doctrine,

7    contending that the claims in this case overlap substantially with the claims in the PA Action. *See*

8    *Colorado River Conservation Dist. v. United States*, 424 U.S. 800 (1976).  But because generally, "the

9    rule is that the pendency of an action in the state court is no bar to proceedings concerning the same

10   matter in the Federal court having jurisdiction, the *Colorado River* doctrine is a narrow exception to

11   virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Holder v.*

12   *Holder*, 305 F.3d 854, 867 (9th Cir. 2002)(quoting *Colorado River*, 424 U.S. at 817) (internal citation

13   and quotation marks omitted). The Supreme Court has "clarified that to fit into this narrow doctrine,

14   'exceptional circumstances' must be present." *Id.*  The Ninth Circuit has reaffirmed that "[district]

15   courts may refrain from deciding an action for damages only in 'exceptional' cases, and only 'the

16   clearest of justifications' support dismissal." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978

17   (9th Cir. 2011).

18          The threshold for applying the *Colorado River* doctrine is whether the two cases are substantially

19   similar.  Substantial similarity does not mean that the cases must be identical. *Nakash v. Marciano*, 882

20   F.2d 1411, 1416 (9th Cir.1989).  In assessing the appropriateness of a *Colorado River* stay or dismissal,

21   eight non-dispositive factors have been used in this Circuit;[7] however, the dispositive factor identified

22

23          [6]  In the first Motion to Dismiss, Smart & Associates and SBAC argued that if the Court were
     to find SBAC dispensable, SBAC should be dismissed with prejudice. Reply in Support of First Motion
24   at 11-12. However, after the filing of the amended complaint, SBAC is no longer a party in this case.
     Smart & Associates does not argue that the amended complaint was untimely filed or otherwise
25   inappropriate under the Federal Rules.

26          [7]  The eight factors used in the Ninth Circuit are:

27          (1) which court first assumed jurisdiction over any property at stake; (2) the
            inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation;
28          (4) the order in which the forums obtained jurisdiction; (5) whether federal law
            or state law provides the rule of decision on the merits;  (6) whether the state

10

by the Supreme Court is the existence of substantial doubt that the state proceedings will resolve the federal action:

> When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all. . . . Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses.

*Moses H. Cone Memorial Hospital v. Mercury Const. Corp.,* 460 U.S. 1, 28 (1983). Moreover, a district court may enter a *Colorado River* stay order only if it has "full confidence" that the parallel state proceeding will end the litigation. *Intel Corp. v. Advanced Micro Devices, Inc.,* 12 F.3d 908, 913 (9th Cir. 1993) (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 277 (1988)).

**B.    Discussion**

Defendant argues that the PA Action is "more capable that this action of fully resolving the parallel issues," and that proceeding in the federal action without SBAC will result in piecemeal litigation. Second Motion at 8-9. However, the sole defendant in this action, Smart & Associates – the entity whose name appears on the contracts at issue – is not a party in the PA Action. Moreover, a finding that the Service Agreement and/or SOFs entered into by Smart & Associates are not enforceable against SBAC in the PA Court will not necessarily resolve Reliance's claim against Smart & Associates in the present action. Therefore, there is substantial doubt that a resolution of the state proceedings will

---

> court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co. Inc. v. Transp. Ins. Co.,* 656 F.3d 966, 978-79 (9th Cir. 2011), citing *Holder,* 305 F.3d at 870. In addressing the relevant factors, the Supreme Court has stated:

> [T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction. The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case.

*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 16 (1983)

resolve this issues in this action.[8]  Defendant could, of course, have avoided this result by filing the declaratory relief in the PA Action on behalf of both Smart & Associates and SBAC (or defendant could have submitted adequate evidence regarding the relationship between Smart & Associates and SBAC in support of its Rule 19 argument) but it has not.  The posture of this case is the direct result of strategic choices made both by Smart & Associates and SBAC, as well as the choice of plaintiff to sue only Smart & Associates in this Court. Therefore, the Court finds a stay under *Colorado River* is not warranted.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss or stay (Docket No. 33) is DENIED.

**IT IS SO ORDERED.**

Dated: March 27, 2013

_____
SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

---

[8]  Defendant asserts that Reliance could assert a counterclaim for breach of contract against Smart & Associates in the PA Action, but that ignores the fact that Reliance is entitled to choose a forum that is consistent with the forum selection clause to which Reliance contends Smart & Associates agreed.

**United States District Court**
For the Northern District of California