IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELIANCE GLOBALCOM SERVICES, INC., | No. C 12-05950 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** |
| v. | |
| SMART & ASSOCIATES, LLP, | |
| Defendant. | |

Currently before the Court is plaintiff's motion for leave to file a second amended complaint. Defendant did not file an opposition to plaintiff's motion. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for June 21, 2013. Having considered the papers, and for good cause appearing, the Court hereby GRANTS plaintiff's motion, for the reasons set forth below.

Once the time for amending a complaint as a matter of course has passed, further amendments may only be made with leave of the court. *See* Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," which represents a public policy strongly in favor of amendments. *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("It is generally our policy to permit amendment with 'extreme liberality' . . . ."). "When considering a motion for leave to amend, a district court must consider whether the proposed amendment results from undue delay, is made in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic." *Id.* A court may also deny leave to amend "if amendment of the complaint would be futile." *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).

On November 20, 2012, plaintiff Reliance Globalcom Services, Inc., filed a breach of contract

action against Smart and Associates, LLP ("Smart") and Smart Business Advisory and Consulting, LLC ("SBAC"). On February 11, 2013, Reliance filed its first amended complaint, in which it dropped all allegations against SBAC and proceeded solely against Smart. On March 27, 2013, the Court denied Smart's motion to dismiss the first amended complaint. On May 1, 2013, Reliance filed the instant motion for leave to file a second amended complaint. The parties filed a stipulation, which the Court granted, allowing Smart seven extra days to file its opposition to plaintiff's motion. The opposition was due on May 22, 2012, but defendant failed to file an opposition or ask the Court for additional time.

The proposed second amended complaint is very similar to the first amended complaint. The parties remain the same, and the single cause of action, breach of contract, is the same. Reliance clarified some of the factual allegations, and added as exhibits Service Order Forms that formed part of the contractual obligations between the parties. Reliance explains that these form part of the basis for its claims.

The Court does not find that the proposed amendment results from undue delay, was made in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic. The case is not even a year old, and the parties have not even begun serious discovery. The amendment serves to clarify issues, so that discovery and trial will proceed more efficiently. The Court has found no evidence of bad faith or that allowing the amendment will prejudice defendants. Indeed, it is telling that defendants did not oppose the motion, even though they were given extra time to do so. Pursuant to the liberal policy permitting amendments, permitting plaintiff to file a second amended complaint would be in the interest of justice.

For the foregoing reasons and for good cause shown, the Court GRANTS plaintiff's motion to file a second amended complaint.

**IT IS SO ORDERED.**

Dated: June 13, 2013

SUSAN ILLSTON
United States District Judge